Caruthers, J.,
delivered the opinion of the Court.
The complainant, Humphreys, purchased of the defendant, Holtsinger, a house and lot in Leesburg, Washington county, 11th December 1848, for $175, *229 for which he executed his note at twelve months, and took the bond of defendant to make him a title upon payment of the note, with this farther and unusual stipulation: “ If the contract is not met in twelve months after it is due, the same is subject to be reversed at the will of said Holtsinger.” The vendee was placed in possession and continued there for two years, when, on account of the failure to pay the consideration, except about $26, the first year, the vendor retook the possession. Whereupon this bill was filed for an account of the payment and improvements.
The Chancellor, after reference to the master, allowed $85 for betterments which was added to the amount paid on the consideration, from which the reasonable rent was deducted, and gave a decree against the defendant for the small balance.
The only question made here for a reversal is, that under this state of facts no allowance should have been made for improvements, and if any, not more than the rents. We think differently, and concur in opinion with His Honor, the Chancellor.
In the case of Alston vs. Boyd, 6 Humph., 505, where a sale was set aside on account of the insanity of the vendor, the vendee was “ allowed a reasonable compensation for such improvements as enhanced the permanent value of the land.” So, where a man is put in possession of land by the owner under a promise to convey to him, 2 Humph. 174, or upon a verbal sale which the owner refuses to complete, 4 Hum., 362, 6 Hum., 324-8. In all such cases, if improvements are made under an expectation on the part of the *230 vendee ' thus in by contract and consent, that a title will be made to him, a Court of Equity will actively interfere, and give relief by allowing him to the extent that such ' improvements have enhanced the value of the land, deducting rents and profits, and will give a lien upon the land for the same.
The case under consideration, though differing somewhat in its facts from those above cited, must be embraced by the principle settled in them.
The vendee was lawfully, and by contract, in possession of the lot, and expected to be able to pay for it, and get title, but his calculations failed him; he was unable to pay any but a small. part of the consideration in the time agreed upon, and the penalty of recision was rigidly enforced, and the possession retaken by the vendor. He gets the lot back with the value enhanced by the improvements, and should in equity and good conscience, pay for them to the extent of such enhancement, but not more. The amount of this must be ascertained by the proof, and settled by the Court. This has been done, and adjudicated. But it is said the lot has been sold again without any advancement, in the price, and therefore the improvements were of no value to the vendor. The re-sale was not the test bn this question; it would only be one circumstance to be weighed with the other evidence.
The decree was right and will be affirmed.